UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FRANCES BAROLET

    Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, FRANCES BAROLET, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b).   The cause of action is in excess of $75,000.00.   There is diversity of citizenship.   Plaintiff is a resident and citizen of the state of South Carolina. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian Corporation which is licensed to do business in Florida as a cruise line.   Defendant's base of operations is in Miami, Dade County, Florida.

-2-

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three.

5. On or about March 9, 2012, Plaintiff, PATRICIA CAMPBELL was a fare-paying passenger on CARNIVAL DREAM.   The vessel was in navigable waters. Defendant owned or operated CARNIVAL DREAM at all times material.

6. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain a passenger deck in a reasonably safe condition, and/or;

    b. Failing to warn the Plaintiff of the dangers of walking on a passenger deck, and/or;

    c. Failing to properly and safely inspect a passenger deck, and/or;

    d. Failing to have a reasonably proper surface on a passenger deck, and/or;

    e. Failing to properly train its employees in the proper methods of keeping a passenger deck clean and dry, and/or;

    f. Failing to implement a proper method of operation of keeping a passenger deck clean and dry, and/or;

    g. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or remain on a passenger deck which was foreseeable to be the cause of accidents like this one, and/or;

      h.      Failing to have a non-slip or non-skid surface on a passenger deck, and/or;

      i.      Allowing water from a water slide immediately adjacent to where Plaintiff slipped and fell to accumulate on a passenger deck.

8. As a result of the foregoing, the Plaintiff was injured when she slipped and fell on water that had come from an adjacent water slide on the Lido deck as Plaintiff was walking out the door from leaving the elevator.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

10. At all times material, Plaintiff acted with due care for her own safety.

11. In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, scarring and disfigurement, and a loss of the ability to enjoy life; lost the enjoyment of her cruise, suffered a loss of earnings and/or loss of earning capacity, and an aggravation of known and/or unknown physical conditions. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest.   Jury trial is demanded.

Dated this 15th day of October, 2012.

>HOFFMAN LAW FIRM
>PAUL M. HOFFMAN, P.A.
>2888 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>Telephone: (954) 563-8111
>Facsimile: (954) 563-8171
>
>By: *//s// Paul M. Hoffman*
>PAUL M. HOFFMAN, ESQ.
>Florida Bar No: 0279897